■ MATTHEW E. OREN, Respondent, v JOSEPH DOWD et al., Appellants, et al., Defendants.—In an action to recover damages for breach of contract, fraud, conspiracy, intentional interference with economic interest, "bad faith breach of the duty of fair dealing", intentional infliction of emotional distress, and negligent infliction of emotional distress, the defendants Joseph Dowd and Margaret Dowd appeal from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 1, 1990, as denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the appellants' cross motion which were to dismiss the second through sixth causes of action, insofar as they are asserted against the appellants, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

We find that the complaint, insofar as it is asserted against the appellants herein, fails to state any cause of action other than the one based on breach of contract (see, CPLR 3211 [a] [7]). We find, moreover, that the record developed in connection with the cross motion demonstrates that the plaintiff in fact has no other valid cause of action against the appellants (see, CPLR 3212). The plaintiff's essential claim is that, in 1981, the appellants agreed to renew a summer leasehold interest in certain property, but that, in 1982, the appellants failed to honor their agreement, after having been offered more money for the summer leasehold by the codefendants. Contrary to the appellants' contention, we also find that the cause of action to recover damages for breach of contract was interposed within six years (see, CPLR 213 [2]) of its accrual.

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Copertino and Santucci, JJ., concur.